**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-09798 (FFMx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | Leticia Rodarte Hernandez, et al. v. Aurora Loan Services, LLC | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS) ORDER DISMISSING CASE JS-6

On April 23, 2012, the Court held a hearing on Defendant's Motion to Dismiss. Dkt. 27. The Court granted Defendant's motion with leave to amend, and instructed Plaintiffs to file any amended pleading on or before May 14, 2012. *Id.* The Court specifically stated at such time that "[i]f no such complaint is timely filed, Defendant shall submit a notice of non-filing and the case will be dismissed." *Id.* Despite these instructions from the Court, Plaintiffs failed to file an amended complaint on or before May 14, 2012. On May 18, 2012, Defendant filed a Notice of Failure to File First Amended Complaint, in accordance with the Court's April 23, 2012 Order. Dkt. 28. As of May 21, 2012, Plaintiffs have neither responded to this notice nor filed any amended pleading.

Plaintiffs' failure to comply with this Court's Order is grounds for dismissal of the action *sua sponte* and with prejudice. *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (affirming dismissal with prejudice as a sanction for a plaintiff's failure to file an amended pleading within the ordered timeframe); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum-either by amending the complaint or by indicating to the court that it will not do so-is properly met with the sanction of a Rule 41(b) dismissal."). In order for a court to dismiss a case for failure timely to amend, "the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish*, 191 F.3d at 990 (internal quotation omitted). It is appropriate to dismiss "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Id.* (internal quotation and alteration omitted). Here, as in *Yourish*, three factors strongly favor dismissal. The first factor, the public's interest in expeditious resolution of cases, strongly favors dismissal because Plaintiffs' failure to file an amended pleading within the mandated time period, or even within one week of such period, improperly allows "Plaintiffs to control the pace of the docket rather than the Court," and consumes precious judicial resources while the case sits idle. *Id.* These same considerations apply to the second factor, the Court's need to manage its docket; thus, the second factor also strongly supports dismissal. The Court finds that the third factor, the risk of prejudice to Defendant, strongly favors dismissal because Plaintiffs' complete inaction in response to the Court's

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-09798 (FFMx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | Leticia Rodarte Hernandez, et al. v. Aurora Loan Services, LLC | | |

prior Order has created an unreasonable delay. The fourth and fifth factors regarding the public policy in favor of adjudicating cases on the merits and the availability of less drastic alternatives do not favor dismissal. Notably, however, the Court gave Plaintiffs notice that the failure timely to file an amended pleading would result in a dismissal. Accordingly, because the other three factors strongly favor dismissal, and under *Yourish*, this showing is sufficient, the Court finds that dismissal is warranted.

For the reasons stated in this Order, and in accordance with its prior Order, this action is dismissed with prejudice.

**IT IS SO ORDERED.**

                                                                                        :
                                                      Initials of Preparer    ak